HOUSTON, Justice
(concurring specially).
I agree that the 1983 amendment that defines a “Multi-family area” is not clear. Clearly, the 1953 restriction limited the construction on each of the appellees’ lots to “a structure ... not to exceed two and one-half stories in height to accommodate one or two families.” The 1983 amendment provided:
“4. (a) Definitions
“(1) The term ‘Multi Family Areas’ when used in Section 8-A shall mean all restricted lots of land on Dauphin Island that presently provide for structures designed to accommodate two, three or more families_” (emphasis supplied)
This definition does not clearly indicate that it applies only to a lot on which multiple structures could be erected. It defines “Multi Family Areas” collectively, rather than a single “multi family area.” It uses the terms “restricted lots ” rather than “restricted lot”; and this is followed with the phrase “that presently provide for structures.” Clearly, this could be interpreted as not being limited to a single lot on which more than one structure could have been erected under the 1953 restrictions. The definition could be interpreted, as it was by the trial court, as including all lots designed to accommodate two or more families.